UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDELL TOWNSEND-WHITE,

                Plaintiff,

       v.                                    No. 1:16-CV-919
                                                    (DNH/CFH)
SOCIAL SECURITY ADMINISTRATION,

                Defendant.
_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES**

Lindell Townsend-White
19 Ramsen St., Apt. 4E
Cohoes, New York 12047
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

    Presently before the Court is a pro se complaint and application to proceed in forma pauperis ("IFP") filed by plaintiff Lindell Townsend-White. Dkt. No. 1, 2.

## I. IFP Application

The Court has reviewed plaintiff's application to proceed IFP and finds that she may properly proceed with this matter IFP.[1] Dkt. No. 2.

---

[1] Plaintiff is advised that she will still be required to pay any fees she may incur in this matter, such as copying fees or witness fees.

## II.  Review of Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine whether a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with his or her action.

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983.  See Compl. Plaintiff contends that defendant Social Security Administration ("SSA") "has been taking money from Plaintiff to withhold."  Id. at 2.  She contends that the SSA "incorrectly posted self employment income on plaintiff [sic] record."  Id.  Apparently, the SSA has since "removed self employment income" but has kept the money originally withheld.  Id.  Plaintiff indicates that, although she has requested an answer or paperwork from the SSA explaining why she has not been reimbursed the funds improperly withheld, she has never been given a response.  Id. at 2-3.  Plaintiff indicates that she "requested for hearing by administrative law judge.  They denied it and sent it back without a reason why.  Also filed a request for reconsideration."  Id. at 3.  Plaintiff further provides that she has contacted the Internal Revenue Service and completed an Identity Theft affidavit, and also filed a stolen identity report with the police.  Id.  Plaintiff demands "they money that was withheld and never paid back" and an "explanation of why it was withheld."  Id. at 4.

First, section 1983 protects against state action or those acting under the color of

2

state law. As plaintiff names only the SSA, and sets forth no indication that there was any action taken under the color of state law, section 1983 does not apply. See, e.g., Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992), cert denied 506 U.S. 819 (1992). Further, "[t]here is no private right of action under the Social Security Act"; thus, "[p]laintiff is barred from bringing a civil action against the SSA for monetary relief based on violations of the Social Security Act." Katsoulakis v. Astrue,10-CV-81 (JFB), 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011). Although, plaintiffs may sometimes recover from a violation of rights by federal employees under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, (1971), such claims "may be asserted only against federal employees because federal agencies, such as the SSA, are immune from suit." Oji v. Social Security Administration, 12-CV-7338 (KMK/PED), 2015 WL 6741863, at *21. (Nov. 4, 2015) (citation omitted). However, the "'Supreme Court has held that social security claimants may not bring Bivens actions alleging violations of their constitutional rights' against SSA employees based on allegedly wrongful denials of claims for benefits.'" Id.

Here, plaintiff's claim appears comparable to a denial of benefits, insofar as she requested a return of withheld funds, and it appears that such request was denied. See, e.g., Baptiste v. Comm'r of Soc. Sec., 09 Civ. 10178 (DLC), 2010 WL 2985197 (S.D.N.Y. July 27, 2010) (where plaintiff sought to sue the SSA after withholding benefit payments as part of a recoupment effort, the Court reviewed the complaint pursuant to § 405(g)). Thus, plaintiff's exclusive remedy is pursuant to SSA, specifically 42 U.S.C. § 405(g). However, "[i]t is well-settled that the district court may not review an adverse decision of

3

the Commissioner regarding the plaintiff's entitlement to SSI except as expressly authorized by the Social Security Act, 42 U.S.C. 1383(c)(3)(incorporating section 405(g).'" Keesing v. Apfel, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000).  The SSA permits claimants to seek review in federal court of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." See 42 U.S.C. § 405(g).  "It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." Mathews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995).

> In order to exhaust the administrative review process and obtain a final decision that may be subject to federal district court review, a claimant must proceed through the following four steps: (1) initial determination, (2) reconsideration, (3) hearing before an ALJ, and (4) review by the Appeals Council.

Oji, 2015 WL 6741863, at *15 (citing 20 C.F.R. § 404.900(a), accord Gist v. Comm'r of Soc. Sec., No. 5:07-CV-1246 (TJM), 2008 WL 4239593, at *3 (N.D.N.Y. Sept. 11, 2008); Crever v. Comm'r of Soc. Sec., No. 08-CV-391(NAM/DRH), 2010 WL 2400083, at *2 (N.D.N.Y. May 18, 2010), report and recommendation adopted, No. 6:08-CV-0391, 2010 WL 2400066 (N.D.N.Y. June 10, 2010) ( "To complete the administrative process, a claimant must first receive an initial determination. 20 C.F.R. § 404.900(a)(1). If the claimant is dissatisfied with the determination, he may seek reconsideration of the initial determination. Id. § 404.900(a) (2). If the claimant is still unhappy with the decision upon reconsideration, he may request a hearing before an ALJ. Id. § 404.900(a)(3). The

claimant may request additional review from the Appeals Council. Id. § 404.900(a)(4). Finally, the claimant may bring the claim to federal court for review. Id. § 404.900(a)(5).").

Plaintiff indicates that she requested a hearing before an administrative law judge, and that such request was denied.  Compl. at 2.  She further indicates that she filed a request for reconsideration, though she does not provide the outcome of that request nor a copy of the SSA's response.  Id.  She does not provide a copy of that denial; thus, the Court unaware of whether the request was timely or denied for any other appropriate reason.  Id.  If plaintiff has not had a hearing, and has not satisfied all of the steps outlined in 20 C.F.R. § 404.900(a), this Court does not have jurisdiction pursuant to section 405(g). "The requirements of 42 U.S.C. §§ 405(g) and (h) are prerequisites for subject matter jurisdiction," which are "satisfied once [the claimant] exhausted his [or her] administrative procedures and obtained a final decision after being denied review from the Appeals Council." Keesing, 124 F. Supp. 2d at 136.  Similarly, if it is the case that plaintiff's request for a hearing was untimely, this matter would not be reviewable by this Court.  See Oquendo v. Comm'r of Soc. Sec., 98 F. Supp. 2d 507, 509 (S.D.N.Y. 2000) ("Courts have held that dismissals of untimely requests are not reviewable by district courts because they are not 'final decisions.'"); Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983).  As the Court has not been provided with sufficient detail, even at this early stage, about the levels of administrative remedy that plaintiff pursued, or been provided copies of any SSA responses, the Court is unable to determine whether plaintiff exhausted her administrative remedies, and, thus, whether there is a "final decision" of the Commissioner.

Further, plaintiff does not make a constitutional claim that could excuse the

5

exhaustion requirement.  See Keesing, 124 F. Supp. 2d at 136 (citing Califano v. Sanders, 430 U.S. 99, 109 (1977)); Soto v. Astrue, 09 Civ. 9862 (HB), 2011 WL 1097392, at *4 (S.D.N.Y. Mar. 23, 2011) ("The exhaustion requirement may be excused only in limited circumstances, namely, where the claim is collateral to a demand for benefits,[2] exhaustion of administrative remedies would be futile, or the plaintiff could suffer irreparable harm if required to exhaust administrative remedies.").

Accordingly, it is recommended that plaintiff's complaint be read as brought pursuant to section 405(g), and that the complaint be dismissed without prejudice to plaintiff filing an amended complaint that demonstrates that plaintiff exhausted her administrative remedies in this matter, or that there is a sufficient excuse for her failure to exhaust.

### III.  Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 2) is granted; and it is

**RECOMMENDED**, that plaintiff's complaint be dismissed, without prejudice, and with opportunity to amend as set forth herein; and it is

**ORDERED**, that the Clerk serve plaintiff with a copy of the Report-Recommendation

---

[2] Where "the issue in suit is identical to the administrative demand . . . challenging the lawfulness of the denial, and not seeing relief other than that sought in the administrative proceeding," the matter is not collateral to the demand for benefits.  Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996).  Petre v. Astrue, 2009 WL 3614606, at *2 ("[B]ecause plaintiff is not challenging the validity of regulations, but only the application of those regulations to him, his claim is not collateral to his demand for benefits.") (citing Pavano v. Shalala, 95 F.3d 147, 150-52 (2d Cir. 1996).

and Order in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: October 5, 2016
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

7