**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LINDELL TOWNSEND-WHITE,

                                        Plaintiff,

        v.                                                              No. 1:16-CV-919
                                                                        (DNH/CFH)

SOCIAL SECURITY ADMINISTRATION,

                                        Defendant.

_____

**APPEARANCES:**

Lindell Townsend-White
19 Ramsen St., Apt. 4E
Cohoes, New York 12047
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

### I.  Background

Plaintiff pro se Lindell Townsend-White commenced this action on July 26, 2016

with the filing of a complaint. In lieu of paying a filing fee, plaintiff filed an application to

proceed in forma pauperis ("IFP").  On October 5, 2016, the undersigned issued a Report-

Recommendation and Order which noted that it was unclear whether plaintiff was

attempting to seek review of a denial of benefits, i.e. the return of withheld funds, and that

it would appear that plaintiff was attempting to bring her case pursuant to 42 U.S.C. §

405(g).  The Report-Recommendation and Order (1) granted plaintiff's application to

proceed in IFP, and (2) recommended dismissal of plaintiff's complaint without prejudice

and with opportunity to amend "[a]s the Court has not been provided with sufficient detail,

even at this early stage, about the levels of administrative remedy that plaintiff pursued, or been provided copies of any SSA responses"; thus, the undersigned was "unable to determine whether plaintiff exhausted her administrative remedies, and, thus, whether there is a 'final decision' of the Commissioner."  Dkt. No. 4 at 5.  Further, the undersigned recommended interpreting plaintiff's complaint as if brought pursuant to section 405(g) rather than 42 U.S.C. § 1983.  Id. at 6.

On October 20, 2016, plaintiff filed what appear to be objections to the Report-Recommendation and Order.  Dkt. No. 5.  On September 7, 2017, United States District Judge David N. Hurd adopted in full the Report-Recommendation and Order.  Dkt. No. 7. On October 30, 2017, plaintiff filed an amended complaint and a second motion to proceed IFP.  Dkt. Nos. 8, 9.  Presently pending before the undersigned is a review of plaintiff's amended complaint pursuant to section 1915(e), and the second motion to proceed IFP.

## II.  Review of Amended Complaint

Plaintiff's amended complaint consists of a Social Security appeals cover, one-and-one-half handwritten pages, and fifty pages of exhibits.  Dkt. No. 8.  Although still difficult to discern, careful review of the exhibits submitted with the amended complaint suggest that plaintiff seeks to recover funds that have been withheld from her Supplemental Security Income benefits.  See Dkt. No. 5 at 2-3.  Plaintiff indicates that the Social Security Administration ("SSA") began withholding funds from her SSI benefits after it concluded that she improperly failed to report self-employment income, and, thus, that plaintiff received overpayments.  Id. at 2.  Plaintiff contacted the Internal Revenue Service and

demonstrated that the self-employment income associated with her account was a result of identity theft.  Id.  She indicates that she has informed the SSA of the identity theft multiple times, and the SSA eventually removed the self-employment income, but that the SSA is still withholding from her benefits and refuses to pay her for the previous withholdings.  Id.  Plaintiff indicates that she has repeatedly requested a hearing on this matter with the SSA, but that requests have been denied.  Id.

As the undersigned indicated in the October 5, 2016 Report-Recommendation and Order, if plaintiff has not satisfied the steps in 20 CFR § 404.900(a), this Court does not have jurisdiction to review her case.  Dkt. No. 4 at 5.  "The Second Circuit has interpreted § 405(g) to require that administrative procedures generally be exhausted before judicial review is possible."  Jones v. Astrue, 526 F. Supp. 2d 455 (S.D.N.Y. 2007) (quoting Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983).  Indeed, the availability of judicial review is governed by section 405(g) which "clearly limits judicial review to . . . a final decision of the Secretary made after a hearing."  Califano v. Sanders, 420 U.S. 99, 108 (1976).  To exhaust administrative remedies, plaintiff must show that she has a final decision from the SSA; however, "[a] final decision is reached only after a four-step administrative review process":

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the

decision of the administrative law judge, you may request that
the Appeals Council review the decision.

Baptiste v. Comm'r of Soc. Sec., 09 Civ. 10178 (DLC), 2010 WL 2985197 (S.D.N.Y. July

27, 2010)[1] (citing 20 C.F.R. § 404.900(a); 20 C.F.R. § 404.900(a)(1)-(4)).  Thus, plaintiff

must demonstrate that she has followed these four steps and obtained from the

Commissioner a "final decision" before commencing a civil action in federal court.  See

Jones v. Astrue, 526 F. Supp. 2d 455 (S.D.N.Y. 2007).

        Although plaintiff indicates that she has requested a hearing from the SSA, such

hearing was denied, and that she requested reconsideration, she has not indicated the

reason for the denial of the hearing, the result of the request for reconsideration, whether

she requested or received a hearing before an Administrative Law Judge, or whether she

requested review by the Appeals Council.  See generally Dkt. No. 8.  Plaintiff has also

failed to indicate whether her requests for a hearing and for reconsideration were timely.  If

plaintiff made a request for an initial determination, reconsideration, a hearing, and

appeals council review, and any of those requests were untimely, this Court likely would

not have jurisdiction to review her case.  Oquendo v. Comm'r of Soc. Sec., 98 F. Supp. 2d

507, 509 (S.D.N.Y. 2000).

        Plaintiff's exhibits provide some clarification regarding exhaustion, but ultimately fail

to demonstrate whether there is a final decision from the SSA of which this Court can

review.  Plaintiff submits with her complaint a letter from the SSA dated November 6, 2014.

---

        [1] This unpublished decision was provided to plaintiff along with her copy of the undersigned's
October 5, 2016 Report-Recommendation and Order.  Thus, it will not be provided with this Report-
Recommendation and Order.

The November 6, 2014 letter provides that the SSA received her October 2, 2014 and August 12, 2014 requests for a hearing and for reconsideration.  Dkt. No. 8 at 45.  If further provides that,

> Social Security reviewed your record and evidence submitted and determined that the self employment earnings did not belong to you and were removed.  Once we removed the earnings we also corrected your SSI record to remove the overpayment of $2928.00 associated with those earnings.  You then submitted a request for hearing.  Since the overpayment you appealed had already been resolved we are returning the request for a hearing.  On 10/08/14, we finished an informal review of your SSI and mailed you a letter explaining what we found.  You were questioning the amount of money you have repaid to Social Security for overpayments over the years . . . .  You no longer have appeal rights on any decision that dates back to the 1980's or 90's.  You have 60 days from the date of a decision to file an appeal.

Dkt. No. 8. at 44.   The November 6, 2014 SSA letter does not indicate the result of plaintiff's August 12, 2014 request for reconsideration.  Id.  It is unclear from the November 6, 2014 letter or any other documents submitted with the amended complaint whether plaintiff filed an appeal of the October 8, 2014 "most recent decision," and, if so, the outcome of that appeal.   Id.

Also included with the amended complaint is a letter from the SSA dated February 26, 2015, which provides that the SSA resolved the self-employment income issue relating to tax year 2010 insofar as they removed the $2028 overpayment associated with plaintiff's account, refunded the $484 the SSA had withheld as a result of the improper self-employment income on September 22, 2014, and refunded $142.88 to plaintiff in October 2014 which was "due to [her] from prior years."  Dkt. No. 8 at 25.

Plaintiff also includes a letter from Disability Rights New York dated May 26, 2015.

Dkt. No.8 at 50-52.  This letter suggests that plaintiff sought legal assistance from Disability Rights New York about her SSI withholding concerns.  The May 26, 2015 letter references an April 15, 2015 letter from the SSA  – this letter was not included with plaintiff's amended complaint – and indicates that, based on the Disability Rights New York's review, "it appears that amounts you are seeking to have refunded primarily satisfied the overpayment incurred between 1987 and 1990.  The SSA letter indicates that the overpayment was due to your 'spouse's wages', and not due to the alleged overpayment the SSA mistakenly attributed to your account between 2010 and 2011."  Id.  The reference to an overpayment from the 1980s or 1990s is somewhat explained in letter from the SSA to Congressman Paul Tonko dated August 22, 2014.  Dkt. No. 8 at 13.  The August 22, 2014 letter indicates that plaintiff's SSI was initially terminated in June 1990 because "it was found that her spouse was receiving wages that were not reported.  Once reported it was determined that his income was too high for her to be eligible for SSI, therefore creating an overpayment of $4749.45, of which she has previously repaid in full." Id.

Plaintiff's amended complaint also includes a "Statement of Claimant or Other Person" dated as received by the SSA on July 9, 2015, which appears to be a request for review.  Dkt. No. 8 at 43-44.  This document references an April 27, 2015 decision and indicates that she

> understand[s] a Claims Representative from the Albany, NY Social Security Administration Field Office (FO) will review this period of my SSI record for me *even though I am past the appeal period for this review*.  I further understand this issue has been reviewed once before in Albany, NY FO and I was provided notice of the decision on April 27, 2015.  I do not

6

>agree with the decision issued to me on April 27, 2015 due to
>the lack of detail explaining why I was allegedly overpaid and
>why they held my money I believe was due.  I understand this is
>the last time the Albany, NY FO will review this issue for me.

Id. (emphasis added).  Plaintiff does not provide a copy of the April 27, 2015 decision or

explain the contents of such decision.  Id.  She does not provide the results of her July 9,

2015 request for review made in the "Statement of Claimant or Other Person."  Id.  Indeed,

the July 9, 2015 "Statement of Claimant or Other Person" suggests that plaintiff sought

review of the alleged overpayments, that the result was unsatisfactory for plaintiff, and that

plaintiff did not timely appeal.  See id.  This document also suggests that plaintiff obtained

some level of review from the SSA, but did not timely appeal that decision.  Id.  As stated

in the October 5, 2016 Report-Recommendation and Order, if it is the case that plaintiff did

not timely appeal, this Court does not have jurisdiction to review the SSA's decision.  See

Dkt. No. 4 at 5 (citing Oquendo., 98 F. Supp. 2d at 509 ("Courts have held that dismissals

of untimely requests are not reviewable by district courts because they are not 'final

decisions.'")).

    In sum, it is entirely unclear from plaintiff's amended complaint whether plaintiff

timely exhausted her administrative remedies.  Further, it cannot be determined from the

amended complaint whether there is a final decision from the SSA.  Although, within the

documents submitted with the amended complaint, there is reference made to an April 27,

2015 SSA decision, this SSA decision has not been provided to the Court, so the

undersigned is unaware of its contents.  Further, submissions provided with the amended

complaint indicate that plaintiff did not timely appeal the April 27, 2015 SSA decision.  See,

e.g., Dkt. No. 8 at 43-44.  If it is the case that plaintiff did not appeal the SSA's decision,

she has not exhausted her administrative remedies, and this Court does not have jurisdiction to review her complaint. See 20 C.F.R. § 404.900(a)(1)-(4).  Based on plaintiff's submissions, it does not appear that there is an excuse for her failure to exhaust her administrative remedies. See Baptiste, 2010 WL 2985197, at *2 (noting that a court may excuse a failure to exhaust administrative remedies "where the claim is collateral to a demand for benefits," where "exhaustion of administrative remedies would be futile," or where "the plaintiff would suffer irreparable harm if required to exhaust administrative remedies.").

Further unclear is whether there is a current controversy relating to the improper posting of self-employment income, as documentation plaintiff includes with the amended complaint suggests that this issue has been resolved when the SSA repaid her in 2014. Dkt. No. 8 at 25.  Documents submitted with the amended complaint suggest that the overpayment was removed from her account, and that the funds that the SSA withheld in connection with the incorrect posting of self-employment income were repaid to plaintiff. Id.  Plaintiff does not demonstrate whether the SSA continues to withhold funds from plaintiff's SSI payments after correcting the self-employment issue in 2014.  Further, if there are such withholdings, plaintiff does not provide whether they are related to the 2014 overpayment or the overpayment issue in the 1980s and 1990s relating to spousal income – as suggested by multiple documents (Dkt. No. 5 at 13, 51) – for which the statute of limitations has long expired.  See, e.g., Ellander v. Schweiker, 575 F. Supp. 590, 603 n.11 (S.D.N.Y. Nov. 17, 1983) (noting that there is a six-year statute of limitations for recovering overpayments under the SSA).

Accordingly, it is recommended that the complaint be dismissed but that the dismissal be without prejudice to providing plaintiff one final opportunity to demonstrate that she exhausted her administrative remedies in a timely manner, obtained a final decision of the SSA, and that there is still an active controversy relating to the overpayment of funds due to the erroneous posting of self-employment income in 2010.

### III. Conclusion

**WHEREFORE**, the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's second motion to proceed in forma pauperis (Dkt. No. 9) be **DENIED AS MOOT**, as this Court granted plaintiff's IFP application on October 10, 2016 (see dkt. no. 4); and it is

**RECOMMENDED**, that plaintiff's Amended Complaint (Dkt. No. 8) be **DENIED** without prejudice and with a final opportunity to amend in order to demonstrate to the Court that she has timely exhausted her administrative remedies and has obtained a final decision from the SSA[2]; and it is

**ORDERED**, that the Clerk serve plaintiff with a copy of the Report-Recommendation and Order in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within

---

[2] Plaintiff is advised that, if she submits a Second Amended Complaint, the Second Amended Complaint must be a complete pleading that will replace and supersede the Amended Complaint in its entirety. Thus, the Second Amended Complaint must contain all facts and allegations as well as contain all relevant documents/exhibits. Plaintiff is further advised that, in any such Second Amended Complaint, she may not re-assert any claims that previously have been dismissed with prejudice by this Court.

which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

      Dated: November 20, 2017
           Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

10